Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LYDIA ORTIZ GARCÍA<br><br>**APELADA**<br><br>v.<br><br>MUNICIPIO AUTÓNOMO<br>DE SAN LORENZO<br><br>**APELANTE** | KLAN202400568 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Lorenzo en Caguas<br><br>Caso Núm.: E2CI201700206 (0302)<br><br>Sobre: INDEMNIZACIÓN POR DESPIDO INJUSTIFICADO |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 26 de agosto de 2024.

El apelante, Municipio de San Lorenzo, solicita que revoquemos la sentencia en la que el Tribunal de Primera Instancia declaró Ha Lugar la demanda por represalias.

La apelada, Lydia Ortiz García, no presentó oposición al recurso dentro del término concedido.

Los hechos que dan génesis a la controversia que hoy atendemos se detallan a continuación.

### I

La señora Ortiz García presentó una demanda por represalias contra el apelante, mediante el procedimiento sumario laboral. La demandante hizo las alegaciones siguientes. El 1 de agosto de 2008, el apelante la expulsó de la Policía Municipal de San Lorenzo. El 16 de octubre de 2013, la CIPA revocó la expulsión, ordenó su reinstalación y el pago de los salarios dejados de recibir. El apelante acudió al Tribunal de Apelaciones. Este tribunal revocó a la CIPA y determinó que procedía una suspensión de cinco (5) meses de

Número Identificador

SEN2024 _____

empleo y sueldo. El 30 de marzo de 2015 pidió ser reinstalada inmediatamente en su empleo. El apelante hizo caso omiso y la envió de vacaciones por un tiempo prolongado e irrazonable. El Municipio utilizó el subterfugio de que tenía que agotar las vacaciones acumuladas, para evitar su regreso al empleo. La apelada agotó las vacaciones acumuladas y aprobó los exámenes que el Municipio le pidió realizarse. El apelante le exigió asistir a la Academia de la Policía y pasar las pruebas requeridas a los cadetes de nuevo ingreso, a pesar de que su reglamentación interna no contenía esa exigencia y de que fue el responsable de que estuviera inactiva durante ocho (8) años. El Municipio sabía que no tenía que asistir a la Academia, debido a su edad y experiencia. Sin embargo, la envió a la Academia en represalia por apelar su despido y resultar victoriosa. Véase, pág. 1 del apéndice.

La señora Ortiz García adujo que ha sido víctima de constantes ataques, represalias, malos tratos y discrimen por parte del apelante. La apelada alegó que tuvo que recibir tratamiento médico en la Corporación el Fondo del Seguro del Estado por las constantes acciones de represalias del apelante en su contra. Según la apelada, el apelante ha divulgado información confidencial sobre su persona. Además, alegó que el apelante se niega a proveerle un acomodo razonable en un empleo que no requiera el uso de un arma de reglamento, pero creó una plaza para otro cadete que no pasó la Academia. El apelante enmendó el Reglamento de la Policía Municipal después de que el Tribunal de Apelaciones ordenó su reinstalación.

La apelada pidió los remedios siguientes: (1) la reinstalación a su puesto de Policía Municipal, (2) cien mil dólares ($100,000.00) por las represalias en su contra y una cantidad similar de doble penalidad para un total de doscientos mil dólares ($200,000.00), (3) el pago retroactivo de los salarios y beneficios marginales dejados de

devengar, más una cantidad similar por concepto de doble penalidad que hasta el día de presentación de la demanda asciende a ochenta mil dólares ($80,000.00), (4) sesenta mil dólares ($60,000.00) más una cantidad similar por concepto de doble penalidad por las angustias y sufrimientos mentales para un total de $120,000.00, (5) el veinticinco por ciento (25%) de las cantidades básicas por represalias y angustias mentales por concepto de honorarios de abogado equivalentes a cien mil dólares ($100,000.00) y (6) cualquier otro remedio en ley.

El apelante negó las alegaciones de represalias en su contra. El Municipio alegó que ordenó a la apelada agotar los días de vacaciones en exceso conforme a la Ley 184-2004 y que se comunicó con la Superintendencia Auxiliar en Educación y Adiestramiento de la Policía de Puerto Rico porque su reglamentación interna no contemplaba la reinstalación. El apelante adujo que fue la Policía de Puerto Rico la que determinó los requisitos que debía cumplir la apelada para ser armada nuevamente. Véase, pág. 8 del apéndice.

El foro apelado realizó el juicio en su fondo. La apelada prestó su testimonio. El apelante presentó el testimonio de la Subdirectora de Recursos Humanos, Yara Torres Vázquez.

El TPI determinó probados los hechos siguientes. La apelada tenía 61 años cuando prestó su testimonio. La señora Ortiz García laboró como Policía Municipal desde enero del año 2000 al 1 de agosto de 2008, cuando fue despedida. No obstante, antes de trabajar en el Municipio, trabajó un par de años en la Policía Estatal, pasó los exámenes físicos, psicológicos y de habilidad requeridos y asistió un año a la Academia de la Policía. El Municipio no le exigió asistir a la Academia, porque lo hizo cuando era Policía Estatal. Únicamente, le exigió tomar un examen escrito y someterse a una investigación. La señora Ortiz García cuestionó su despido administrativamente y el apelante resolvió en su contra. La apelada

apeló ante la Comisión de Investigación, Procesamiento y Apelación (CIPA). El 16 de octubre de 2013, la CIPA declaró CON LUGAR la apelación, revocó la expulsión y ordenó la reinstalación y el pago de los salarios dejados de percibir hasta la reinstalación. El Municipio acudió al Tribunal de Apelaciones que modificó la sanción a una suspensión de empleo y sueldo durante cinco (5) meses. Determinaciones de hecho 1-7 de la sentencia apelada.

El foro primario también determinó los hechos a continuación. El salario bruto de la apelada al momento de su despido era de $1,466.00 mensuales. La apelada acumulaba dos (2½) días y medio de vacaciones por cada mes de servicio hasta un máximo de sesenta días. El apelante pagó a la apelada todo lo acumulado cuando la removió de su puesto. El 30 de marzo de 2016 la apelada pidió la reinstalación a su puesto como Policía Municipal, y el pago de todos los salarios y beneficios a los que tenía derecho. El apelante no reinstaló a la apelada inmediatamente, porque le exigió que agotara las vacaciones acumuladas mientras estuvo separada de su puesto. El 1 de junio de 2015 fue reinstalada, luego de que agotara sus vacaciones. La apelada fue reinstalada con el mismo salario que tenía cuando fue expulsada. El apelante le acreditó doscientos doce (212) días de vacaciones y noventa y seis (96) días de enfermedad al 1 de junio de 2016 correspondientes a los seis (6) años y once (11) meses que estuvo separada del servicio. Determinaciones de hecho 8-12.

La sentencia apelada incluyó estos otros hechos. El apelante requirió a la apelada aprobar nuevamente la Academia de la Policía, como condición para regresar a sus labores como Policía Municipal. La apelada se acogió a varias licencias. El 31 de octubre de 2016, la apelada agotó todas sus licencias. El apelante le hizo desembolsos a la apelada como parte del plan de pagos acordado con el

Departamento de Justicia. El Municipio realizó a la apelada los pagos siguientes.

(1) $11,765.17 neto con deducciones en julio de 2016

(2) $10,650.61 neto con deducciones en diciembre de 2016

(3) $10,650.61 neto con deducciones en julio de 2017

(4) $10,650.61 neto con deducciones en diciembre de 2017

(5) $10,650.61 neto con deducciones en julio de 2018

(6) $10,650.61 neto con deducciones en diciembre de 2018.

Determinaciones de hecho 13-15.

Finalmente, el TPI determinó estos otros hechos. El Reglamento de la Policía Municipal de San Lorenzo, vigente cuando el Tribunal de Apelaciones ordenó la reinstalación, requería que los policías reinstalados se realizaran un examen físico y una evaluación psicológica. El Reglamento no requería que asistieran y aprobaran nuevamente la Academia de la Policía. La apelada se realizó los exámenes físicos y psicológicos requeridos. El 1 de septiembre de 2017, el apelante aprobó un nuevo Reglamento de la Policía Municipal del Municipio Autónomo de San Lorenzo. La Academia de la Policía Estatal certifica a los policías municipales, porque no existe una Academia para la Policía Municipal. El apelante consultó con la Policía Estatal los cursos que la apelante debía asistir y aprobar antes de ser reinstalada a su puesto. El 17 de julio de 2017, la Policía Estatal contestó que debía comenzar la Academia como un cadete nuevo, porque estuvo más de cinco (5) años fuera de servicio. La apelada tenía que someterse a ejercicios fuertes durante casi seis (6) meses y pernoctar en la Academia. La señora Ortiz García comenzó la Academia, pero al cabo de dos (2) semanas no pudo continuar, debido a la intensidad de los ejercicios y a la carga emocional que tuvo que enfrentar. Su salud física y

emocional se vio grandemente afectada, tuvo que ser hospitalizada y sufrió una crisis nerviosa en una institución psiquiátrica. La apelada dejó la Academia y concluyó su empleo el 16 de abril de 2016. El Municipio determinó que la apelada abandonó el servicio. El sargento Eduardo Santiago Conde fue destituido de la Policía Municipal de San Lorenzo en el año 2013. Fue reinstalado a su empleo y no se le requirió asistir y aprobar nuevamente la Academia. Únicamente se le exigió tomar cursos de un mes. Determinaciones de hecho 18-23.

El TPI redujo las controversias a determinar si:

(1) el Municipio despidió a la apelada por represalias;

(2) se configuró el despido constructivo de la apelada;

(3) el Municipio actuó conforme a derecho.

La prueba convenció al TPI de que la apelada intentó regresar a su empleo, luego de que el Tribunal de Apelaciones ordenó su reinstalación. No obstante, el Municipio la obligó a agotar las licencias acumuladas y a asistir nuevamente a la Academia de la Policía para evitar su reinstalación. Los argumentos de que la ley exigía que la apelada agotara las licencias y que la Policía Estatal recomendó que asistiera nuevamente a la Academia, no persuadieron al tribunal. El foro primario no dio credibilidad a esos argumentos, porque la prueba demostró que el Municipio obligó arbitrariamente a la apelada a agotar sus licencias de vacaciones, luego de trabajar dieciséis (16) años como Policía Municipal. La prueba también convenció al TPI de que el Municipio obligó a la apelada a asistir nuevamente a la Academia de la Policía y que su conducta la hizo renunciar a su empleo.

El foro primario señaló que el propio Municipio reconoció que actuó a base de consultas y no conforme a una reglamentación. El TPI concluyó que la prueba demostró que el Municipio obligó a la apelada a cumplir condiciones nuevas y más onerosas que las

impuestas a otros empleados en situaciones similares y sin justificación. El foro apelado hizo hincapié en que era evidente que el Municipio actuó de forma arbitraria porque impuso condiciones excesivas a la apelada para reinstalarla a su empleo. El TPI no encontró ninguna justificación para el proceder del apelante. Por el contrario, reconoció el derecho de la apelada a ser reinstalada en su empleo, con las mismas condiciones y derechos que tenía antes de llevar su caso a la CIPA. Según el TPI, las condiciones nuevas y arbitrarias impuestas por el apelante justifican y validan el reclamo de la apelada al amparo la Ley de Represalias. El TPI también quedó convencido de que la apelada presentó un caso prima facie de despido constructivo, porque las condiciones arbitrarias e irrazonables y sin base jurídica impuestas por el Municipio la obligaron a irse de su empleo.

El 10 de abril de 2024, el TPI declaró HA LUGAR la demanda y ordenó al apelante a pagar a la apelada: (1) veinte mil dólares ($20,000.00) por daños reales y angustias mentales, (2) veinte mil dólares ($20,000.00) de doble penalidad por violar la ley de represalias, para un total de cuarenta mil dólares ($40,000.00). El TPI concluyó que el apelante despidió a la apelada por segunda ocasión el 16 de abril de 2018. Por eso ordenó al Municipio a pagarle los salarios dejados de devengar y los beneficios marginales desde esa fecha hasta el día en que comenzó a recibir los beneficios de incapacidad. Además, ordenó al Municipio a pagar a la apelada una cantidad igual de doble penalidad a tenor con la Ley de Represalias. El tribunal ordenó realizar el cómputo a base de un salario mensual bruto de $1,466.00. Por último, ordenó al Municipio el pago de honorarios de abogado equivalentes a un veinticinco por ciento (25%) de la suma adeudada, más las costas del litigio.

La parte apelante presentó este recurso en el que alega que:

ERRÓ DE MANERA MANIFIESTA EL TPI, SALA DE CAGUAS, AL DECLARAR HA LUGAR LA DEMANDA AL AMPARO DE LA LEY 115 DEL 20 DE DICIEMBRE DE 1991, SEGÚN ENMENDADA, CUANDO DE LAS DETERMINACIONES DE HECHO ESTABLECIDAS SURGE CON MERIDIANA CLARIDAD QUE EL MUNICIPIO DE SAN LORENZO ACTUÓ CONFORME A LA LEY VIGENTE Y NO POR NINGÚN OTRO MOTIVO ILEGAL.

ERRÓ DE MANERA MANIFIESTA EL TPI, SALA DE CAGUAS, AL DECLARAR HA LUGAR LA DEMANDA, FUNDAMENTANDO SU SENTENCIA EN DERECHO QUE NO ES DE APLICACIÓN A LA CONTROVERSIA.

ERRÓ DE MANERA MANIFIESTA EL TPI, SALA DE CAGUAS, AL DECLARAR HA LUGAR LA DEMANDA DETERMINANDO QUE EL MUNICIPIO ACTUÓ DE FORMA ARBITRARIA, CUANDO OBLIGÓ A LA PARTE DEMANDANTE A AGOTAR SUS LICENCIAS ACUMULADAS, OBVIANDO QUE EL ESTADO DE DERECHO VIGENTE AL MOMENTO DE LOS HECHOS, DISPONÍA QUE ES PRERROGATIVA DE LA ADMINISTRACIÓN MUNICIPAL PROVEERLE AL EMPLEADO AGOTAR LOS EXCESOS DE LICENCIAS ACUMULADAS.

ERRÓ DE MANERA MANIFIESTA EL TPI, SALA DE CAGUAS, AL DECLARAR HA LUGAR LA DEMANDA INTERPUESTA, AL NO ADMITIR EN EVIDENCIA LA ORDEN ESPECIAL NÚM. 2010-2 SOBRE NORMAS PARA LA INVESTIGACIÓN PERSONAL QUE SE INCORPORA A LA AGENCIA POR RAZÓN DE REINSTALACIONES Y REINTEGROS.

ERRÓ DE MANERA MANIFIESTA EL TPI, SALA DE CAGUAS, AL DICTAR SENTENCIA SIN JURISDICCIÓN PARA ELLO.

**II**

**Transcripción de la prueba**

El promovente de un recurso que cuestiona la apreciación o suficiencia de la prueba tiene que ubicar al foro revisor en tiempo y espacio sobre lo que ocurrió en el foro primario. Su obligación es presentar al foro revisor la prueba oral con la que pretende impugnar las determinaciones de hecho del Tribunal de Primera Instancia. Los tribunales de mayor jerarquía no pueden cumplir a cabalidad su función revisora, sin que se le produzca la prueba que tuvo ante sí el foro primario. El Tribunal Supremo de Puerto Rico ha

expresado reiteradamente que las disposiciones reglamentarias que gobiernan los recursos apelativos deben observarse rigurosamente. Los abogados están obligados a cumplir con fidelidad el trámite prescrito en las leyes y en los reglamentos que regulan el perfeccionamiento de los recursos. A los abogados no se le reconoce potestad para decidir qué disposiciones reglamentarias aplicar y cuándo pueden hacerlo. *Pueblo v. Pérez Delgado,* 211 DPR 654, 671-672 (2023); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

Nuestro ordenamiento jurídico provee como mecanismos para recopilar la prueba oral: (1) la transcripción de la prueba, (2) exposición estipulada y (3) exposición narrativa. La Regla 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 76, regula la transcripción de la prueba oral en los recursos de apelación y certiorari. Por su parte, la Regla 76.1, *supra,* establece los requisitos de fondo y forma de la exposición estipulada y la exposición narrativa. De otra parte, en la Regla 19, *supra,* se establece que el apelante que señala un error sobre la suficiencia de la prueba testifical o que alega que el TPI hizo una apreciación errónea, tiene que someter una transcripción o una exposición narrativa de la prueba. *Pueblo v. Pérez Delgado,* supra, págs. 672-673.

Las determinaciones del foro primario tienen una presunción de corrección. La parte que las impugna está obligada a colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación de la prueba y credibilidad de la prueba oral. *Pueblo v. Pérez Delgado,* supra, pág. 674.

### Ley de Represalias

Según lo dispuesto en el Artículo 2 de la Ley Núm. 115, *supra,* 29 LPRA sec. 194(a):

(a) Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer en los procedimientos internos establecidos de la empresa o ante cualquier empleado o representante en una posición de autoridad cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(b) Cualquier persona que alegue una violación a las secs. 194 et. seq. de este título podrá instar una acción civil en contra del patrono dentro de tres (3) años de la fecha en que ocurrió dicha violación y solicitar se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar será el doble de la cuantía que se determine causó la violación a las disposiciones de esta Ley.

(c) El empleado deberá probar la violación mediante evidencia directa o circunstancial. El empleado podrá además establecer un caso prima facie de violación a la ley, probando que participó en una actividad protegida por las secs. 194 et seq. de este título y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido.

La represalia se compone del despido, el discrimen y la amenaza con relación a los términos y las condiciones del empleo. La ley anti-represalia se legisló debido a la necesidad de un estatuto que limitara la facultad del patrono de despedir empleados por participar en procesos investigativos gubernamentales. El legislador dejó proscrito que un patrono tome represalias contra un empleado que ofreció información en un proceso legislativo, judicial o administrativo. *Santiago Nieves v. Braulio Agosto Motors,* 197 DPR

369, 376-378, 380 (2017); *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 361 (2009).

El empleado puede establecer un caso de represalias de dos formas. La primera es mediante evidencia directa o circunstancial que demuestre un nexo causal entre la conducta del patrono y el daño sufrido. La segunda es de forma indirecta. El empleado en este segundo escenario tiene que establecer un caso prima facie de represalia con evidencia que demuestre que: (1) participó en una actividad protegida por la Ley Núm. 115, *supra,* y (2) fue subsiguientemente despedido, amenazado o discriminado por su patrono. Para que se establezca un caso prima facie de discrimen basta que el empleado compruebe que experimentó una acción adversa por parte del patrono al poco tiempo de haber ocurrido la actividad protegida. El patrono tiene que rebatir la presunción fundamentando la existencia de una razón legítima y no discriminatoria para el despido. El empleado aún puede prevalecer, si prueba que la razón que alega el patrono es un mero pretexto para despedirlo. *Rivera Menéndez v. Action Services*, 185 DPR 431,445-446 (2012); *S.L.G. Rivera Carrasquillo v. A.A.A.*, supra, págs. 361-362.

### Ley de Despido Injustificado, Ley Núm. 80 de 30 de mayo de 1976

La protección laboral de la Ley Núm. 80, *supra*, tiene una finalidad dual. Por un lado, sirve como medida de protección económica al empleado **en el sector privado**, y por otro, desalienta el despido injustificado mediante la imposición de sanciones. Exposición de Motivos de la Ley Núm. 80, *supra*, 1976 Leyes de Puerto Rico 268. *Romero v. Cabrera Roig*, 191 DPR 643, 649-650 (2014). (Énfasis nuestro).

El Art. 1 la Ley Núm. 80, *supra*, dispone que todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo,

que sea contratado sin tiempo determinado y trabaje mediante remuneración de alguna clase tendrá derecho a recibir una indemnización de su patrono, además del sueldo que hubiese devengado siempre y cuando sea despedido de su cargo sin justa causa. 29 LPRA sec. 185a.

En lo que nos atañe, según los hechos ante nuestra consideración, la Ley Núm. 80, *supra,* fue enmendada por la Ley Núm. 4-2017 conocida como la Ley de Transformación y Flexibilidad Laboral que entró en vigor el 26 de enero de 2017. La enmienda a esta ley realizada en el Art. 4.14, excluyó expresamente de la definición de patrono al Gobierno de Puerto Rico, cada una de sus tres ramas de gobierno, departamentos agencias, instrumentalidades o corporaciones públicas y a los gobiernos municipales, sus instrumentalidades o corporaciones municipales o el Gobierno de los Estados Unidos de América. 29 LPRA sec. 185 n(g).

**III**

Los señalamientos de errores primero, tercero y quinto están relacionados a la apreciación de la prueba y adjudicación de credibilidad del foro primario. El apelante alega que el TPI erró al resolver que la apelada probó un caso de represalias, porque de sus determinaciones de hecho puede concluirse que el Municipio actuó conforme a la ley. El apelante sostiene que rebatió la presunción de represalias, porque probó una razón legítima para su proceder. Según el apelante, la evidencia creída por el TPI demostró que el Superintendente de la Policía y la Superintendencia Auxiliar en Educación establecieron los requisitos mínimos que la apelada tenía que cumplir para su reingreso en la Policía Municipal. Igualmente aduce que ordenó a la apelada agotar los días de licencia acumulados, conforme a la Ley Núm. 184-2004 y no como una acción de represalias.

La parte apelante, además, cuestiona la jurisdicción del TPI y fundamenta su reclamo en las determinaciones de hecho 20 y 21 de la sentencia apelada. El foro primario estableció en la determinación de hecho núm. 20 que la Academia de la Policía es quien certifica a los policías municipales, porque no existe una academia municipal. La determinación de hecho núm. 22 establece que el apelante consultó con la Policía Estatal los cursos que debía cumplir la apelada. La respuesta fue que tenía que asistir nuevamente a la Academia, porque estuvo más de cinco (5) años fuera de servicio. El apelante sostiene que el TPI actuó sin jurisdicción sobre la materia, porque la presunción de represalia quedó rebatida por sus propias determinaciones de hecho.

El Municipio Autónomo de San Lorenzo no nos ha provisto las herramientas necesarias para que podamos pasar juicio sobre los señalamientos de error primero, tercero y quinto. El foro primario atendió y resolvió la controversia en una vista evidenciaría, en la que vio y escuchó los testimonios presentados por ambas partes, analizó la prueba documental y adjudicó credibilidad. El TPI no dio credibilidad a los argumentos de la parte apelante, de que siguió las instrucciones de la Policía de Puerto Rico. Aunque el TPI determinó que el apelante consultó a la policía estatal y que esa fue la recomendación, no creyó que esa fue la razón por la que el Municipio requirió a la apelada que asistiera nuevamente a la Academia. Según el TPI, el Municipio reconoció que actuó a base de consultas y no conforme a una reglamentación. El foro apelado concluyó que la prueba demostró que el Municipio obligó arbitrariamente a la apelada a agotar sus licencias de vacaciones y a asistir nuevamente a la Academia de la Policía y que su conducta la hizo renunciar a su empleo. Al foro primario le quedó claro que el Municipio asumió esa conducta en represalia, porque la apelada cuestionó su despido y pidió la reinstalación. Además, que se probó ante el foro primario,

que a otro policía municipal que fue destituido, no se le requirió comenzar de nuevo a la Academia de la Policía. La evidencia presentada convenció al TPI de que el Municipio obligó a la apelada a cumplir condiciones nuevas y más onerosas que las impuestas a otros empleados en situaciones similares, sin ninguna justificación.

La decisión apelada está basada en la apreciación de la prueba y adjudicación de credibilidad del TPI. La apelante no nos ha ubicado en tiempo y espacio para que podamos ejercer adecuadamente nuestra función revisora, porque no ha presentado una transcripción de la vista evidenciaria o una exposición narrativa. Sin esa evidencia es imposible que podamos evaluar la adjudicación de credibilidad que hizo el TPI. El texto de la Regla 19 de Reglamento del Tribunal de Apelaciones, *supra,* es claro. La parte que alegue un error de suficiencia en la apreciación de la prueba tiene que someter una transcripción o una exposición narrativa. El propio apelante nos impide evaluar los errores en los que cuestiona la apreciación de la prueba, porque incumplió con la regla citada. Por esa razón, no tenemos forma de evaluar la prueba en que se fundamenta la decisión del TPI de que la apelada probó un caso prima facie de represalias. La ausencia de una transcripción o exposición narrativa nos impide intervenir con la decisión del foro primario y nos obliga a honrar la presunción de corrección que cobija a sus decisiones.

La apelante argumenta en el segundo señalamiento de error que el TPI fundamentó la decisión en la Ley de despido injustificado que no aplica a los hechos y a la controversia planteada. El apelante tiene razón cuando alega que la Ley Núm. 80, *supra*, y, por consiguiente, el despido constructivo, **no aplican a este caso**. El Municipio está en lo correcto porque el legislador los excluyó expresamente de la definición de patrono establecida en la Ley Núm. 80, supra. No obstante, en nada se afecta la determinacion del foro

primario de que el Municipio violó la Ley contra las represalias. La demanda se presentó al amparo de la ley contra las represalias que cobija al trabajador contra el despido por ofrecer su testimonio en un informe legislativo, administrativo y judicial. El foro apelado analizó y adjudicó la controversia conforme a esa legislación. La prueba convenció al TPI de que el Municipio impuso a la apelada unas condiciones arbitrarias, irrazonables y sin base jurídica en represalia por cuestionar su despido y solicitar la reinstalación. El foro primario concluyó que ese patrón de represalia obligó a la apelada a irse de su empleo. Al igual que ocurrió con los señalamientos de error primero, tercero y quinto, la ausencia de una transcripción o exposición narrativa nos impide intervenir con esta determinación del TPI y nos obliga a honrar la presunción de corrección que cobija a sus decisiones.

El Municipio aduce que el TPI erró al negarse a tomar conocimiento judicial y no admitir como evidencia la Orden Especial Núm. 2010-2 sobre normas para la investigación al personal que es reinstalado en su empleo. El Municipio arguye que ese documento era esencial para probar que la Superintendencia Auxiliar en Educación y Adiestramiento de la Policía de Puerto Rico era la llamada a establecer los requisitos de reingreso de la apelada.

La representación legal del apelante pidió que se tomara conocimiento judicial de la Orden Especial Núm. 2010-2 firmada por el Superintendente de la Policía. El TPI expresó que no podía tomar conocimiento judicial del documento porque no era un reglamento ni una ley y que como era una orden debía presentarse certificada. La apelada se opuso a la admisión, porque el documento no fue parte del descubrimiento de prueba. El TPI declaró ha lugar la objeción de la demandante. El apelante pidió reconsideración y la apelada se opuso. El TPI ordenó marcar el documento como evidencia ofrecida y no admitida, a solicitud del apelante. Véase

Minuta de la vista de 16 de marzo de 2023, pág. 20 del apéndice 3 del recurso.

El cuarto señalamiento de error no se cometió. Según consta en la Minuta, el TPI no admitió la Orden Especial Núm. 2010-2 porque no fue parte del descubrimiento de prueba, por lo que su presentación fue a destiempo.

**IV**

Por lo antes expuesto, se confirma la sentencia apelada, debido a los fundamentos expuestos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones